### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DJORN JAMES,

     Plaintiff,

v.

AMERICAN TIRE DISTRIBUTORS, Inc.

     Defendant.

Case No.

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

### COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Djorn James (hereinafter "James"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendants states as follows:

1.     Plaintiff, Djorn James, is a resident of the City of Detroit, County of Wayne and State of Michigan.

2.     Defendant, American Tire Distributors, Inc., (hereinafter "American Tire") is a foreign corporation whose resident agent is Capital Corporate Services,

Inc., and whose resident address is 186 N. Main, 2d Floor, Suite 1, Plymouth, Michigan 48170 authorized to do business in the State of Michigan.

3.   Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.   The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5.   Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendants constituting unlawful discrimination/harassment consisting of sexual harassment and retaliation in violation of Title VII of Civil Rights Act of 1964 ("Title VII") and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. (ELCRA") which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6.   Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.   Plaintiff began his employment at American Tire Distributors in May 2022 as a lumper where he "lumped" orders together to have them sent out.

8.   On or about June 8, 2022 Plaintiff had consensual sex with a female warehouse supervisor, Trina Hughey.

9.   Shortly after having sex with Ms. Hughey Plaintiff decided they should

2

try to keep their relationship professional and advised Ms. Hughey he no longer wanted to have a physical relationship with her and they should just be friends.

10.     Despite Plaintiff advising Ms. Hughey that sexual comments and conduct were unwelcomed, Ms. Hughey continued to make sexual comments and sent Plaintiff an explicit video of her masterbating.

11.     Plaintiff again advised Ms. Hughey that he was not interested in a sexual relationship and that her conduct was creating an offensive and hostile work environment.

12.     Approximately one week later, the Ms. Hughey again propositioned Plaintiff for sex, which he refused.

13.     On Saturday, June 18, 2022 Plaintiff arrived at work after Ms. Hughey told him to report.

14.     To get to work Plaintiff had to take the only bus from near his home to Defendant's facility causing him to arrive at 6 p.m. for his 12:00 a.m. shift.

15.     When he arrived at work on June 18, 2022 he was told he was not needed that day.

16.     The following day June 19, 2022, Plaintiff again arrived at Defendant's facility six hours prior to his shift, but when it was time to start his shift the doors were locked and he could not find another way to get in.

17.     Plaintiff called and texted Ms. Hughey and the gentleman who normally

3

unlocked the doors but no one responded.

18.    Plaintiff waited until between 12:30 a.m. and 1:00 a.m. to see if anyone showed up for work or responded to his texts, but no one responded so Plaintiff walked home.

19.    Approximately, an hour and a half later Plaintiff received a phone call asking where he was and why he was not at work.

20.    Ms. Hughey whom he had refused sexual advances then fired him over the phone.

21.    Plaintiff told her that he knew he was being fired because he had rejected her and not because of the "missed" shift which was not his fault.

22.    She did not deny that Plaintiff was being for his refusal to have sex with her, but began to change her stated reason for Plaintiff's termination several times.

23.    During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Moreover, Defendant,   American Tire is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

24.    At all times relevant, Plaintiff was acting as an employee of American Tire.

25.    Defendants, through their agents, representatives and employees, were predisposed to sexually harass and discriminate against Plaintiff on the basis of his

4

gender and acted in accordance with that predisposition.

26.    Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

27.    On the January 9, 2024 EEOC issued a Right to Sue letter against American Tire.

## COUNT I
## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

28.    Plaintiff incorporates by reference paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29.    Pursuant to Title VII and ELCRA  Plaintiff is  guaranteed the right to be free  from discriminatory treatment and harassment from their employer and/or supervisors based upon  his sex.

30.    During his employment for Defendant Plaintiff was subjected to unwelcome and vulgar sexual comments from his supervisor Ms. Hughey who badgered Plaintiff for sex, made sexual comments and sent him sexually explicit videos.

31.    Defendant created an offensive and hostile work environment for Plaintiff as a result of Plaintiff's sex and his complaints of sexual harassment.

32.    Defendant American Tire is an employer within Title VII and ELCRA.

33.     Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon his sex by Defendant its employees and agents

to the  point where his status as an employee has been detrimentally affected.

34.     Plaintiff is entitled to exemplary and compensatory damages pursuant to the Title VII and ELCRA  as a result of each and every violation of the act, including costs and reasonable attorney's fees.

35.     Defendants and their agents, employees and representatives, including but not limited to Ms. Hughey, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a.  Violating the laws against discrimination by engaging in sexual harassment in the workplace;

    b.  Retaliating against employees who make complaints of discrimination and harassment; and

    c.  Failing to take serious and corrective action when informed by Plaintiff that the conduct towards him was unlawful.

36.     Defendant owed Plaintiff as a male employee, a duty to adequately advise their employees to refrain from discriminating against employees.

37.     Defendant, American Tire, breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a.  Failing to prevent or stop sexual harassment against Plaintiff causing an offensive and hostile work environment;

    b.  Taking adverse employment action against Plaintiff due to his race including terminating him; and

    c.  Retaliating against Plaintiff for his complaints of sexual harassment.

38.     As a direct and proximate result of the actions of the Defendant, Wayne

6

County Sheriff's Department, Plaintiff was the subject of discriminatory conduct on the part of the Defendant, American Tire.

39.     Because of the unlawful conduct of Defendant, American Tire, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any  other relief this Honorable Court deems appropriate.

## COUNT II
## GENDER DISCRIMINATION

40.     Plaintiff incorporates by reference paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41.     Plaintiff belongs to a protected class on the basis of his sex.

42.     While employed at Defendant American Tire, Plaintiff was subjected to unwelcome sexual advances and/or requests for sexual favors from Ms. Hughey.

43.     The unwelcome sexual advances and/or requests for sexual favors were based on sex and Plaintiff's sex.

44.     At all times material, Ms. Hughey was Plaintiff's supervisor at Defendant American Tire and was therefore in a position to threaten tangible harm

7

for a failure to submit to the unwelcome sexual advances and/or requests for sexual favors.

45. The threatened tangible harm included aspects of Plaintiff's compensation, and the terms, conditions, or privileges of his employment, including termination.

46. Plaintiff's submission to Ms. Hughey' unwelcome sexual advances and/or requests for sexual favors became an express or implied condition of Plaintiff's continued employment at Defendant American Tire and he was terminated when he refused to have sex with her.

47. The unwelcome sexual advances and/or requests for sexual favors were committed by a supervisor/manager/officer/director of Defendant American Tire, and therefore knowledge, notice, and liability are imputed to Defendant American Tire.

48. As a direct and proximate result of Ms. Hughey' actions and Defendant American Tire's failure to take remedial action, Plaintiff has sustained injuries and damages including, but not limited to:

    a. Physical pain and suffering;

    b. Mental anguish and suffering;

    c. Feelings of outrage, humiliation, embarrassment, and indignity;

    d. Fright and shock;

e.  Anxiety;

f.  Emotional distress;

g.  Low self-esteem;

h.  Lost wages;

i.  Loss of capacity for the enjoyment of life.

49.  Defendant American Tire is vicariously liable for the acts of Ms. Hughey on the basis of Respondeat Superior.

**WHEREFORE** the Plaintiff respectfully requests that this Court enter a Judgment against Defendant American Tire and award the Plaintiff damages in an amount not less than $75,000.00, including but not limited to compensatory damages, exemplary damages, and compensation for necessary expenses, and award the Plaintiff interest, costs, and attorney fees, along with any other relief this Court determines to be equitable and just.

**COUNT III**
**RETALIATION**

50.  Plaintiff incorporates by reference paragraphs 1 through 49 of the Complaint as though fully set forth herein.

51.  Pursuant to Title VII and the ELCRA Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon sex and his gender.

52.  Plaintiff's sex was a factor in Defendant's employment decisions.

9

53.     Defendant American Tire was Plaintiff's employer within the meaning of Title VII and the ELCRA.

54.     During the course of his employment with Defendant, American Tire Plaintiff was subjected to constant unwelcome sexual harassment creating a hostile work environment by Defendant.

55.     The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

56.     Plaintiff complained to upper management of Defendant, American Tire that he was being discriminated against due to his sex and that he was being subjected to a hostile work environment.

57.     Defendant American Tire had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

58.     Despite having notice of the sexual harassment and gender discrimination and conduct toward Plaintiff, Defendant American Tire failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon his gender and in retaliation for his complaints of sexual harassment and gender discrimination.

59.     The sexual harassment and gender discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate Title VII and the ELCRA.

60.     As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish,  fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any  other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400 Bingham Farms,
Michigan 48025 (248) 540-6800
sbatey@bateylaw.com

Dated:  April 8, 2024

1

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Djorn James, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400 Bingham Farms,
Michigan 48025 (248) 540-6800
sbatey@bateylaw.com

Dated:  April 8, 2024

1